UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY EUGENE LEWIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES, et al.,<br><br>　　　　　　Defendant. | Case No. C21-01568-BJR-SKV<br><br>REPORT AND RECOMMENDATION |

## I.　INTRODUCTION

This is a § 1983 civil rights action. On November 19, 2021, Plaintiff, Anthony Eugene Lewis ("Plaintiff"), proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action, a proposed complaint, and a proposed motion for preliminary injunction. Dkts. 1, 1-1, 1-2. At the time of filing, Plaintiff was confined at the King County Jail. *Id.* On December 6, 2021, the Court received a notification from Plaintiff, dated December 1, 2021, that he had been transferred to Western State Hospital. Dkt. 3.

Plaintiff's complaint, though somewhat unclear, appears to generally allege violations of his Fourth and Fourteenth Amendment Due Process rights related to the length of his confinement at King County Jail pending transfer to Western State Hospital, as well as violation

REPORT AND RECOMMENDATION - 1

of the Eighth Amendment related to the conditions of his confinement at King County Jail. *See* Dkt. 1-1. Plaintiff names as Defendants Department of Social and Health Services (DSHS), King County Superior Court Judge Melinda Young, and King County Prosecuting Attorney Melissa J. Osman. *Id.* However, there are deficiencies concerning Plaintiff's IFP filing fee requirements and complaint submission. Having considered Plaintiff's submissions, the balance of the record, and the governing law, the Court recommends that Plaintiff's application to proceed IFP, Dkt. 1, be DENIED.

## II. BACKGROUND

Plaintiff's complaint appears to allege violation of his Fourth and Fourteenth Amendment rights on the grounds that he has been detained at King County Jail pending transfer to Western State Hospital for more than 7 days which, he alleges, is contrary to the policy for effecting such transfers. Dkt. 1-1. Plaintiff alleges King County Superior Court Judge Melinda Young issued an order in September 2021, directing that he receive a competency evaluation through DSHS but that his transfer had been delayed due to lack of bed space. *Id.* He further argues that on October 20, 2021, Judge Young and King County Prosecutor Melissa J. Osman improperly denied his attorney's motion to dismiss his criminal charges without prejudice. *Id.*

Plaintiff also appears to allege violation of his Eighth Amendment rights. *Id.* He alleges he contracted COVID-19 in October 2021, while detained at King County Jail and, as a result, had to have surgery on his fingertip in November 2021. *Id.* He alleges that his incision from the surgery is unhealed and painful and that he fears reinfection of his finger at King County Jail. *Id.* He also alleges another inmate at King County Jail died due to COVID-19 in October 2021. *Id.* Finally, Plaintiff also appears to allege inadequate medical/mental health treatment at King

1  County Jail because staff are not trained in COVID-19 treatment or mental health competency
2  evaluation restoration treatment. *Id.*

3  As relief, Plaintiff seeks "a preliminary monetary injunction sanction of $100 an hour-a
4  day and within a month against [Defendants]" for the alleged delay in transferring him to
5  Western State Hospital. *Id.* Plaintiff also appears to seek a ruling from the Court as to whether
6  his motion to dismiss his criminal charges in state court was improperly denied. *Id.* He also
7  seeks attorney fees-equitable fees and any other monetary relief. *Id.* Plaintiff's proposed motion
8  for preliminary injunction, Dkt. 1-2, seeks this same relief based upon Defendants' alleged delay
9  in transferring him to Western State Hospital for a competency evaluation and based on Judge
10 Young and Prosecutor Osman's alleged improper failure to dismiss his criminal charges.

11                     III.   DISCUSSION

12 A review of the court records in this District reveals that at least four of the cases Plaintiff
13 has previously filed were dismissed as frivolous, or for failure to state a claim, and counted as
14 strikes under 28 U.S.C. § 1915(g). The Prison Litigation Reform Act's "'three-strikes' rule
15 prohibits a prisoner from filing an action [IFP] if he has accumulated three 'strikes' for prior
16 federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of
17 serious physical injury.'" *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir.
18 2016) (quoting 28 U.S.C. § 1915(g)). "A prisoner can incur a 'strike' for bringing an action 'that
19 was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which
20 relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)).

21 Relevant to this matter, the Court takes notice that in a recent matter Plaintiff brought in
22 this Court, *Lewis v. King County, et al.*, Case No. C19-1601-RSM, the Honorable Brian A.
23

REPORT AND RECOMMENDATION - 3

Tsuchida found Plaintiff had incurred more than three strikes. *See id.*; Dkt. 4. In that case, Judge Tsuchida found:

> A review of the Court's records reflects that at least three of the cases plaintiff has filed while incarcerated were dismissed as frivolous or for failure to state a claim: [1] *Lewis v. United States Surgeon General*, C19-878-MJP (W.D. Wash.), dismissed July 9, 2019; [2] *Lewis v. King County Department of Risk Management*, Case No. C18-1798-RSM (W.D. Wash.), dismissed February 22, 2019; [3] *Lewis v. King County*, Case. No. C09-1039-RSL (W.D. Wash.), dismissed February 8, 2010; [and 4] *Lewis v. Seattle Police Dep't*, Case No. C01-1246-JCC (W.D. Wash.), dismissed January 23, 2002.
>
> In addition, this court has previously determined that plaintiff has received at least three strikes for purposes of § 1915(g) and denied plaintiff IFP status as a three-strikes litigant: [1] *Lewis v. King County*, Case No. C19-1295-MJP-MAT (W.D. Wash), recommendation of dismissal filed September 20, 2019; [2] *Lewis v. King County*, Case No. C19-797-JCC (W.D. Wash.), dismissed July 12, 2019; [and 3] *Lewis v. Vail*, Case No. C10-267-RSL (W.D. Wash), dismissed May 11, 2010.

*Id.*, Dkt. 4 at 2; *see also id.*; Dkt. 7 (adopting Report and Recommendation).

Because Plaintiff has accumulated more than three strikes, he may only proceed IFP if his complaint contains "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (citations and internal quotations omitted); *see also id.* at 1050 n.11 (courts may reject assertions of imminent danger that are conclusory and overly speculative). To show a danger that is "imminent," a prisoner must plausibly allege that the danger is "ongoing" and is "ready to take place" or "hanging threateningly over his head." *Cervantes*, 493 F.3d at 1056.

Here, Plaintiff has not plausibly alleged "imminent danger" to proceed IFP. Plaintiff's complaint appears to suggest that he has an unhealed incision from a surgery on his fingertip in November 2021 and that he fears reinfection of his finger. Plaintiff alleges he is concerned about reinfection of his finger after surgery but does not allege any facts to indicate that medical staff at King County Jail are not adequately treating his finger, nor does he name anyone

REPORT AND RECOMMENDATION - 4

employed at King County Jail as a Defendant. Nor is Plaintiff's generalized assertion that another inmate at King County Jail died of COVID-19 in October 2021 sufficient to establish imminent danger. Plaintiff alleges no facts to indicate Jail staff are not taking sufficient steps to prevent the spread of COVID-19 or control any potential outbreak. Finally, Plaintiff's conclusory allegation that medical and mental health services are inadequate at King County Jail is insufficient to establish imminent danger. The Court also notes that Plaintiff updated his address on December 6, 2021, to Western State Hospital, indicating that he has since been transferred out of King County Jail.[1]

As Plaintiff's claims of imminent danger are, at best, speculative, the Court finds the imminent danger exception does not apply in this case and Plaintiff is subject to the three strikes rule. *See Law v. Deputy Star*, 2015 WL 9257901, at *2 (N.D. Cal. Dec. 18, 2015) ("the Ninth Circuit has recognized that courts may reject assertions of imminent danger that are conclusory and overly speculative"); *Martin v. Aramark Food Corp.*, 2015 WL 3755944, at *3 (S.D. Ohio June 16, 2015) ("Allegations which are speculative or merely conclusory statements are insufficient to establish imminent danger."). Consequently, this Court concludes that Plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $52.00 administrative fee (for a total of $402.00).

IV.   CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's IFP application be denied under 28 U.S.C.§ 1915(g). The Court further recommends that Plaintiff be directed to pay the filing fee within **thirty (30)** days of the date on which this Report and Recommendation

---

[1] The Court notes that Plaintiff's requests for "injunctive relief" appeared to seek a monetary sanction rather than transfer from King County Jail to Western State Hospital. However, to the extent Plaintiff's pleadings could be construed to seek such a transfer as injunctive relief, such a request would now likely be moot.

REPORT AND RECOMMENDATION - 5

is adopted, and that this action be terminated if Plaintiff fails to do so.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 7, 2022**.

Dated this 14th day of December, 2021.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge