UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY EUGENE LEWIS,<br><br>                 Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>                 Defendants. | No. 2:21-cv-1568-BJR-SKV<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS |

      This matter is before the Court on a Report and Recommendation (Dkt. No. 5) by the Honorable S. Kate Vaughan, U.S. Magistrate Judge, that recommends the denial of Plaintiff Anthony Eugene Lewis's application to proceed *in forma pauperis* (IFP) in this case. Plaintiff has filed objections to the Report and Recommendation. Plaintiff also filed a number of other documents with the Court after the Report and Recommendation was issued.

      Applications to proceed IFP are governed by 28 U.S.C. §1915. This statute provides that a prisoner cannot use IFP status to "bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) ("Section 1915(g)").

ORDER - 1

The Report and Recommendation notes that Plaintiff has previously filed at least four cases while he was incarcerated or in detention that were dismissed as frivolous or for failure to state a claim.[1] Because those four prior dismissals count as "strikes" under Section 1915(g), Plaintiff's application to proceed IFP must be denied unless his complaint contains plausible allegations that he was under imminent danger of serious physical injury at the time his complaint was filed. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding "the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time").

Plaintiff's complaint was filed on November 19, 2021, when Plaintiff was incarcerated at King County Jail. In the Report and Recommendation, Magistrate Judge Vaughan notes that Plaintiff's complaint includes allegations that he fears reinfection of an unhealed surgical incision on his fingertip; a generalized assertion that another inmate at King County Jail died of COVID-19 in October 2021; and a conclusory allegation that medical and mental health services are inadequate at King County Jail. Magistrate Judge Vaughan concludes that Plaintiff's application to proceed IFP should be denied because these allegations do not plausibly show that Plaintiff was under imminent danger of serious physical injury at the time his complaint was filed, as required by Section 1915(g).

In his objections to the Report and Recommendation (Dkt. No. 6), Plaintiff does not address Magistrate Judge Vaughan's conclusion that his allegations regarding his fingertip, COVID-19, and the medical and mental health services at King County Jail fail to show that he was under imminent danger of serious physical injury at the time his complaint was filed. Instead, Plaintiff alleges in his objections that he is a victim of "ongoing astral rape/molestation,"

---

[1] Plaintiff does not dispute that he has incurred at least four "strikes" under Section 1915(g).

ORDER - 2

which Plaintiff appears to allege is a form of "spiritual" assault.[2] Dkt. No. 6 at 1. However, these allegations do not plausibly show that Plaintiff faced imminent physical danger at the time his complaint was filed.

In his objections, Plaintiff also alleges that on November 30, 2021, he was assaulted by security staff at Western State Hospital for refusing to submit to a coronavirus test and was "hit in the face with a police shield." *Id.* at 2. However, these allegations concern events that allegedly occurred after Plaintiff's complaint was filed on November 19, 2021, and after he was transferred from the King County Jail to Western State Hospital. As a result, these allegations do not show that Plaintiff was under imminent danger of serious physical injury at the time he filed his complaint on November 19, 2021, while he was incarcerated at the King County Jail.

In addition to his objections to the Report and Recommendation, Plaintiff has filed a number of other documents with the Court. These filings include, but are not limited to, a "motion for additional claims" that raises several allegations about events that have allegedly occurred since Plaintiff was transferred to Western State Hospital on November 30, 2021.[3] Dkt. No. 8. Again, however, these additional filings do not demonstrate that Plaintiff was under imminent danger of serious physical injury at the time he filed his complaint on November 19, 2021, while he was incarcerated at the King County Jail. Courts have rejected attempts by prisoners to satisfy the "imminent danger" requirement of Section 1915(g) by raising new

---

[2] Plaintiff's complaint alleges that he has suffered from "spiritual (astral) rape," as well as "astral" assaults of "voodoo/witch craft/Satanist attacks against my mind and body . . . ." Dkt. No. 1-1 at 8. Similar allegations of "astral rape" by Plaintiff in other cases brought in this Court have been found to be insufficient to show "imminent danger" under Section 1915(g). *See Lewis v. King County*, No. C19-797-JCC, Dkt. No. 5 at 3-4; *Lewis v. U.S. West. Dist. Court at Seattle*, No. C19-1295-MJP-MAT, Dkt. No. 12 at 4; *Lewis v. Western State Hospital*, No. C19-5946-BHS, Dkt. No. 5 at 7.

[3] Plaintiff also filed a motion to amend his complaint to add additional defendants to his existing complaint. Dkt. No. 15. This filing does not raise new allegations, but seeks to name multiple new defendants to Plaintiff's complaint.

ORDER - 3

allegations of events that occurred after the prisoner's original complaint was filed. *See, e.g., Anderson v. Beccara*, No. 1-20-cv-00068-DAD-SAB (PC), 2020 WL 2467413, at *1 (E.D. Cal. May 13, 2020) ("Because the claimed 'new developments' referred to by plaintiff occurred 'after the [original] complaint was filed in this action and involve different individuals at a different prison,' . . . plaintiff is barred by § 1915(g) from relying on those events to assert his earlier, unrelated claims via an amended complaint."); *Lewis v. Huebner*, No. 17-8101 (KMK), 2019 WL 1236299, at *4 (S.D.N.Y. Mar. 18, 2019) (noting "the relevant moment in the imminent danger inquiry is when the action is brought, that is, when the initial complaint is filed.").

As a result, the Court finds that Plaintiff has not presented plausible allegations that he was under imminent danger of serious physical injury at the time that his complaint was filed on November 19, 2021. The Court finds and ORDERS as follows:

(1) The Court ADOPTS the Report and Recommendation (Dkt. No. 5).

(2) Plaintiff's application to proceed with this action *in forma pauperis* (Dkt. No. 1) is DENIED.

(3) Plaintiff is directed to pay the $402 filing fee within 30 days of the date on which this Order is signed. Failure to timely submit the filing fee will result in termination of this action.

(4) The Clerk is directed to send copies of this Order to Plaintiff and to Magistrate Judge Vaughan.

Dated: February 8, 2022

Barbara Jacobs Rothstein
U.S. District Judge

ORDER - 4